UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PARRIS M. MEDLEY,

    Plaintiff,

v

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,

    Defendant.

Case No. 13-cv-12499
Hon. Mark A. Goldsmith

James K. Fett (P39461)
Joshua R. Fields (P68559)
Fett & Fields, P.C.
805 E. Main St.
Pinckney, MI  48169
734-954-0100
jim@fettlaw.com
josh@fettlaw.com
Attorneys for Plaintiff

Eric J. Pelton (P40635)
Kienbaum Opperwall Hardy &
Pelton PLC
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
248-645-0000
epelton@kohp.com
Attorneys for Defendant

## **STIPULATED PROTECTIVE ORDER**

    Plaintiff Parris M. Medley ("Plaintiff'") and Defendant Comcast Cable Communications Management, LLC ("Defendant") (collectively "the parties") stipulate to the following Protective Order:

    **IT IS HEREBY ORDERED** that:

    There is good cause for entry of protective order under Fed.R.Civ.P. 26(c) to protect against external disclosure of Plaintiff's medical and financial records, information regarding other former and current employees of Defendants, and Defendants confidential and proprietary business information and trade secrets

(collectively, "CONFIDENTIAL Material"). The parties agree, and the Court approves, that such documents and information will be treated pursuant to the following terms:

1. The parties may designate information contained in documents, discovery response, and deposition testimony as "CONFIDENTIAL" if the information implicates common law or statutory privacy interests or confidential or proprietary business information or trade secrets. For purposes of this Order, the following categories of documents and information generally will be considered "CONFIDENTIAL" and subject to this Protective Order:

    a.  All Plaintiff's tax records, whether they be federal, state or local tax records;

    b.  Confidential proprietary business information, such as trade secrets;

    c.  Confidential personnel information of non-parties such as performance ratings, reviews, separation information, and salary, benefit, and compensation information; and

    d.  Confidential medical information of Plaintiff or any other individual.

2. Documents may be designated as "CONFIDENTIAL" by placing or fixing on them (in a manner that will not interfere with their legibility): "CONFIDENTIAL" or "CONFIDENTIAL: THIS MATERIAL IS SUBJECT TO A PROTECTIVE ORDER." If the document did not originate from the party to affix the CONFIDENTIAL label, or was not produced in this action by that party, the CONFIDENTIAL designation will occur upon written notice of that designation provided to all counsel of record within thirty days after receipt of the information or document containing confidential information. Subject to the procedures in paragraph 3, upon such notice, the document will be protected as CONFIDENTIAL Material within the meaning of this Protective Order.

3. A party may object to the designation of particular confidential information by giving written notice to the party designating the disputed information. The written notice shall specifically identify the information to which the objection is made. If the parties cannot resolve the objection, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion

must be filed within fourteen days after receiving written objection to the CONFIDENTIAL designation. If such a motion is timely filed, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information will lose its designation as CONFIDENTIAL and shall not be treated as CONFIDENTIAL in accordance with this Protective Order absent further order of the Court. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the designated information to be treated as CONFIDENTIAL.

    4.    Any and all CONFIDENTIAL Material shall:

        a.    Be maintained in confidence by all other parties and their attorneys and not disseminated orally, in writing, or by any other means to any person unauthorized under the terms of this Order to examine them; and

        b.    Be used only in connection with the above-captioned action and not used for any other purpose whatsoever.

    5.    In addition to the parties and their attorneys, and persons regularly employed or associated with the attorneys actively working on the case, the CONFIDENTIAL Material may be disclosed to the following persons and entities, provided that those persons or entities provide signed, written statements confirming their agreement to comply with each of the terms of this Protective Order:

        a.    Consultants or experts retained by either party to review the CONFIDENTIAL material;

        b.    The trial and appellate courts to which the above-captioned action is assigned and their respective personnel (who shall not be required to provide the signed, written statements of agreement);

        c.    Court reporters in connection with the taking of a deposition or transcription of court proceedings (who shall not be required to provide the signed, written statements of agreement);

    d.    The creators and addressees of the CONFIDENTIAL material and anyone having received the CONFIDENTIAL material prior to its production in the above-captioned action (who shall be required to provide the signed, written statements of agreement); and

    e.    Anticipated and actual fact witnesses, provided that such witnesses are provided the CONFIDENTIAL material in good faith and in connection with the above-captioned action, and are not permitted to retain the CONFIDENTIAL Materials or copies thereof.

6.    The signed, written statements of persons and entities confirming their agreement to comply with each of the terms of this Protective Order shall be maintained by the counsel of parties who disclose the material to the persons and/or entities set forth in Paragraph 3(a)-(e).

7.    Notwithstanding the foregoing provisions, this Order shall not:

    a.    Prejudice the rights of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, materiality, privilege, or other grounds.

    b.    Restrict in any manner the right of any party to offer or to use as evidence in the above-captioned action the CONFIDENTIAL material subject to this Protective Order;

    c.    Waive any objection which might be raised by any party as to the admissibility into evidence of any documents or other materials.

8.    Inadvertent disclosure of CONFIDENTIAL Material protected by attorney-client privilege, the work product privilege or any other privilege shall not waive any of those privileges. Upon being notified of the inadvertent disclosure, the receiving parties and their counsel shall return all privileged material to the disclosing party and refrain from using that privileged material.

9.    At the conclusion of this action by settlement, judgment, jury verdict, dismissal, or other disposition, all of the CONFIDENTIAL material produced by any party or third party pursuant to this Protective Order, including any and all

copies or renditions made from such documents and materials, shall, at the producing party's request, be returned to the party through the producing party's counsel, or shredded and disposed of, within thirty (30) days following the conclusion of this action. Counsel for the producing party may retain one copy of the documents with the producing party's file.

10. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court as required by E.D. Mich. LR 5.3. A party seeking to file under seal any paper or other matter in this case shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. See E.D. Mich. LR 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

11. Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

12. This Protective Order supersedes any prior agreements between the parties concerning CONFIDENTIAL Material as defined by this Order.

13. This Stipulated Protective Order shall become effective on its execution by the undersigned counsel for the parties notwithstanding the date the court enters the Stipulation and Protective Order.

**SO ORDERED**.

Dated: October 28, 2013             s/Mark A. Goldsmith
    Flint, Michigan                    MARK A. GOLDSMITH
                                     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 28, 2013.

                                 s/Deborah J. Goltz
                                 DEBORAH J. GOLTZ
                                 Case Manager

The parties are in agreement as to the terms of this Stipulated Protective Order.

| FETT & FIELDS, P.C. | KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. |
|---|---|
| By: s/*Joshua r. Fields (with consent)* <br> Joshua R. Fields (P68559) <br> 805 E. Main Street <br> Pinckney, MI 48169 <br> 734-954-010 <br> josh@fettlaw.com <br> Attorneys for Plaintiff | By s/*Eric J. Pelton* <br> Eric J. Pelton (P40635) <br> 280 N. Old Woodward Ave. <br> Ste. 400 <br> Birmingham, MI 48009 <br> 248-645-0000 <br> epelton@kohp.com <br> Attorneys for Defendant |
| Dated: October 24, 2013 | Dated: October 24, 2013 |

188852